# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Valona Lucaj,

                    Petitioner,        Case No. 16-cv-13742

v.                                  Judith E. Levy
                                    United States District Judge

Anthony Stewart,

                                  Mag. Judge Mona K. Majzoub

                    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1], GRANTING A CERTIFICATE OF APPEALABILITY ON ONE ISSUE, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Valona Lucaj, confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her sentence for her conviction of involuntary manslaughter (keeping a dangerous animal causing death). MICH. COMP. LAWS § 287.323(1). For the reasons set forth below, the petition is summarily denied, a certificate of appealability is granted as to one issue, and leave to appeal *in forma pauperis* is granted.

## I.  Background

Petitioner and her husband were charged with second-degree murder and involuntary manslaughter (keeping a dangerous animal causing death) after two of their dogs escaped their property in Metamora Township, Michigan, and killed a man who was jogging.

Petitioner pled *nolo contendere* in the Lapeer County Circuit Court to the involuntary manslaughter charge and the second-degree murder charge was dropped.  The parties agreed that the judge could exceed the sentencing guidelines at the highest point by six months and that doing so would not be an appealable issue.  Petitioner was sentenced to four years, nine months to fifteen years in prison and was fined $7500.  Her conviction and sentence were affirmed on appeal. *People v. Lucaj,* No. 331129 (Mich. Ct. App. Feb. 22, 2016), *leave to appeal denied People v. Lucaj*, 499 Mich. 987 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) the trial court erred by incorrectly scoring certain variables under Michigan's sentencing guidelines, resulting in a violation of her due process and statutory rights at sentencing; and (2) the trial court erred by imposing the fine at sentencing because the fine was imposed outside

the plea agreement.  (Dkt. 1)  On the second claim, Petitioner seeks only that the Court vacate the fine.  (*Id.*)

## II.   Analysis

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed.  *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Any habeas petition that appears legally insufficient on its face may be dismissed.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *see Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999) (a habeas corpus petition may be summarily dismissed if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief).

Thus, "a show cause order [to the respondent]" should not issue "until after the District Court first has made a careful examination of the petition."  *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).  The district court must screen any habeas petition, and a response is unnecessary when the petition is frivolous, obviously lacks merit, or the necessary facts can be determined from the petition itself without consideration of a return by the state.  *Id.* at 141.  For the reasons set

3

forth below, Petitioner is not entitled to habeas relief on her sentencing claims, and the petition is summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Claims that arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the petitioner can show that the sentence exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence within the statutory limits or otherwise authorized by law is not subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or miscalculated her sentencing guidelines range under the Michigan Sentencing Guidelines (Dkt. 1 at 14-20) is not a cognizable claim on federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Errors in the

4

application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Such errors, alone, do not violate federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

However, read in the light most favorable to her, Petitioner also seems to argue that the trial court judge violated her Sixth Amendment right to a trial by jury by using factors during sentencing that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner. Any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). But facts influencing judicial discretion in sentencing need not meet the same threshold. *Id.* at 2163.

Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n.7 (2003) (citing Mich. Comp. Laws § 769.34(2)). The maximum sentence is not determined by the trial judge; rather, it is set by law. *See People v.*

*Claypool,* 470 Mich. 715, 730 n.14 (2004) (citing Mich. Comp. Laws § 769.8).

Here, the sentencing judge made findings as to facts that increased Petitioner's state guidelines range, not "facts that raised [her] mandatory minimum sentence under a statute." *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences"); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors . . . ."). According to the Sixth Circuit, it is not clearly established law that judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). Thus, the habeas petition cannot be granted on this basis under the Anti-Terrorism and Effective Death Penalty Act of 1996. *Id.*

6

This is so even considering the Michigan Supreme Court's more recent decision to the contrary, holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial under the Supreme Court's decision in *Alleyne. See People v. Lockridge*, 498 Mich. 358, 399 (2015). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review" under the AEDPA. *Haller v. Campbell*, No. 1:16-cv-206, 2016 U.S. Dist. LEXIS 35151, at *14 (W.D. Mich. Mar. 18, 2016). Given that the Sixth Circuit has already considered the issue, it is not clearly established that Michigan's sentencing scheme is unconstitutional, and this argument cannot form the basis for habeas corpus relief under AEDPA. *Id.*

In her second claim, Petitioner seeks to have this Court vacate the $7500 fine that was imposed on her at sentencing, arguing that the parties had not agreed in the plea agreement that Petitioner would receive a fine as part of her sentence. (Dkt. 1 at 20-22.)

Petitioner cannot challenge the imposition of fines and costs by the sentencing court in a petition for writ of habeas corpus here. When a habeas petitioner is not claiming the right to be released, but is

challenging the imposition of a fine or other costs, she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995); *see also United States v. Mays,* 67 F. App'x 868, 869 (6th Cir. 2003) (district court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment; defendant was not in custody, as required in a motion to vacate sentence or a petition for a writ of habeas corpus). Petitioner does not challenge the voluntariness of her plea as a result of the fine. Rather, she seeks that the fine be vacated. This Court lacks subject matter jurisdiction to vacate Petitioner's fine, so her second claim must be denied.

## III.  Conclusion

For the reasons set forth above, the petition for the writ of habeas corpus (Dkt. 1) is DENIED WITH PREJUDICE.

However, the Court grants a certificate of appealability on the issue of whether Petitioner's Sixth Amendment right to a trial by jury was violated under the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), when the trial court made factual

findings that increased her guideline range under the state's sentencing scheme.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

As set forth above, the Sixth Circuit seems to have previously distinguished the Supreme Court's decision in *Alleyne* from the facts underlying Petitioner's first claim. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014). On the other hand, the Michigan

9

Supreme Court held even more recently that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial under *Alleyne.  See People v. Lockridge*, 498 Mich. 358, 399 (2015).  This Court is bound by the Sixth Circuit, but "reasonable jurists" could certainly "debate . . . that the issues presented [a]re 'adequate to deserve encouragement to proceed further.'"  *McDaniel,* 529 U.S. at 483 (quoting *Barefoot,* 463 U.S. at 893 n.4).

Finally, because the Court finds that a certificate of appealability should issue on one issue, leave to appeal *in forma pauperis* is also granted.  28 U.S.C. § 1915(a)(3) (a court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)).

IT IS SO ORDERED.

Dated: December 13, 2016               s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2016.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager

11